UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICHOLAS RODGERS,
an individual,

    Plaintiff,

v.

    Case No.:

NATIONAL CREDIT SYSTEMS, INC.,
a Foreign Profit Corporation,
TRANS UNION LLC,
a foreign limited liability company, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

    Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, NICHOLAS RODGERS (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, NATIONAL CREDIT SYSTEMS, INC. (hereinafter, "NCS"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer for damages for NCS's violations of the Fair Credit Reporting Act, 15 United States Code, Section

1

1681 *et seq.* (hereinafter, the "FCRA") wherein NCS improperly credit-reported and subsequently verified objectively-inaccurate information related to a rental account allegedly owed to NCS on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Trans Union and Experian.

2. Additionally, this is an action for damages for Trans Union and Experian's violations of the FCRA wherein Trans Union and Experian continued to incorrectly report said account as a derogatory, negative, or adverse account despite Plaintiff's repeated disputes to Trans Union and Experian explaining and proving that said account should be deleted from Plaintiff's credit reports and credit files.

## JURISDICTION, VENUE & PARTIES

3. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

4. Defendants are subject to the jurisdiction of this Court, as Defendants each regularly transact business in this District.

5. Venue is proper in this District as Defendants each regularly conduct business in this District, and the acts and transactions described herein occur in this District.

6. At all material times herein, Plaintiff is a natural person residing in St. Johns County, Florida.

7. At all material times herein, NCS is a foreign profit corporation existing under the laws of the state of Georgia with its principal place of business located at 1775 The Exchange SE, Suite 300, Atlanta, GA 30339.

8. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

9. At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

10. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

11. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

12. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

13. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

14. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

15. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

16. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the

4

consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

17. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

18. At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

19. At all material times herein, NCS, itself and through its subsidiaries, each regularly services consumer credit and credit-reports information associated with the same in St. Johns County, Florida.

20. At all material times herein, NCS is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

21. At all material times herein, NCS reports information concerning a collections account to Trans Union and Experian, referenced by account number beginning 42431- (hereinafter, the "Account").

22. NCS both furnishes, reports, and publishes specific details of consumers

alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit, employment, housing, or insurance.

23. At all material times herein, Trans Union and Experian are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburse such consumer reports to third parties under contract for monetary compensation.

24. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

## PLAINTIFF'S DEPLOYMENT

26. During or about the latter months of 2018, Plaintiff signed a lease with The Verge at Laramie in the area where Plaintiff was currently attending college.

27. The lease was to begin in August 2019 and would end in August 2020.

28. During or about February 2019, Plaintiff was placed on Active-Duty military orders and assumed Active Duty status in the Marine Corps.

29. Plaintiff never moved into The Verge and sought to terminate his lease pursuant to the Service Members Civil Relief Act.

30. Plaintiff provided the relevant documents to terminate the lease without penalty pursuant to the Service Members Civil Relief Act, including his NR orders. Please see attached a true and correct copy of Plaintiff's NR Orders labeled as **Exhibit "A."**

31. As such, Plaintiff did not owe any further balances to The Verge after February 2019.

32. Notwithstanding Plaintiff's release from the rental obligation pursuant to the Service Members Civil Relief Act, The Verge placed Plaintiff's account for collections with NCS in violation of the Service Members Civil Relief Act.

## PLAINTIFF'S DISPUTES

33. On or about July 20, 2023, Plaintiff obtained his credit report as maintained by Experian.

34. Notably, Experian was reporting a collections account furnished by NCS and originally owed to SSC Laramie Apartments LLC (i.e. the "Account'), with a balance due and past due of $6,215.

35. On or about July 25, 2023, Plaintiff obtained his credit report as maintained by Trans Union.

36. Similarly, Trans Union was reporting a collections account furnished by NCS and originally owed to SSC Laramie Apartments LLC (i.e. the "Account'), with

a balance due and past due of $6,215.

37. On or about September 8, 2023, Plaintiff sent a letter to Experian and Trans Union disputing the credit reporting of the Account, advising that Plaintiff did not owe the balance on the Account personally pursuant to the Service Members Civil Relief Act and demanding that Experian and Trans Union investigate and update accordingly (hereinafter, "Plaintiff's First Dispute"). Please see attached a true and correct copy of Plaintiff's First Dispute as **Exhibit "B".**

38. Experian and Trans Union received Plaintiff's First Dispute.

39. Trans Union communicated Plaintiff's First Dispute to NCS, including all enclosed documents.

40. Experian communicated Plaintiff's First Dispute to NCS, including all enclosed documents.

41. NCS received Plaintiff's First Dispute from Experian and Trans Union.

42. In response to Plaintiff's First Dispute, Experian and Trans Union each sent a letter to Plaintiff, stating that NCS purportedly verified its reporting of the Account to Experian and Trans Union.

43. On or about November 7, 2023, Plaintiff sent *another* letter to Experian and Trans Union, *again* disputing the credit reporting of the Accounts, *again* advising that Plaintiff did not owe the balance on the Account personally pursuant to the Service Members Civil Relief Act, and *again* demanding that Experian and Trans Union investigate and update accordingly (hereinafter, "Plaintiff's Second Dispute"). Please see attached a true and correct copy of Plaintiff's Second Dispute labeled as

**Exhibit "C."**

44. Experian and Trans Union received Plaintiff's Second Dispute.

45. Experian communicated Plaintiff's Second Dispute to NCS.

46. Trans Union communicated Plaintiff's Second Dispute to NCS.

47. NCS received Plaintiff's Second Dispute from Experian and Trans Union.

48. Trans Union failed to respond to Plaintiff's Second Dispute.

49. On or about December 20, 2023, Plaintiff obtained his credit report as maintained by Trans Union.

50. Trans Union had deleted its reporting of the NCS account.

51. In response to Plaintiff's Second Dispute, Experian verified its reporting of the Account.

## DAMAGES

52. As a result of Defendants' unlawful reporting of the Account, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Account, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

53. Overall, Plaintiff suffered damage to his credit reputation as a result of Defendants' conduct.

54. Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for

their services.

55. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

56. As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account an as existing payment obligation with a balance due and past due resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

57. Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite satisfying the balances on the Account in full for less than the full balance and performing his payment obligations as such, Plaintiff must simply endure Defendants' unlawful reporting of the Account.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
<u>**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**</u>
**(as to NCS)**

Plaintiff re-alleges paragraphs one (1) through fifty-seven (57) as if fully restated

herein and further states as follows:

58. NCS is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian and Trans Union delete the Account from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

59. As described above, Plaintiff terminated his lease pursuant to the Service Members Civil Relief Act.

60. Despite Plaintiff terminating the lease no later than February 2019 pursuant to the Service Members Civil Relief Act without penalty, NCS continued to report the Account as a collections account with a balance remaining owed, due, and past due from Plaintiff.

61. Between September and November May 2023, NCS received notice of Plaintiff's First and Second Disputes from Experian and Trans Union.

62. Following Plaintiff's Second Dispute, Trans Union deleted its reporting of the Account; however, upon information and belief, NCS confirmed and/or verified its reporting to Experian showing that the Account was charged-off with balances remaining due and past due.

63. Plaintiff did not owe a balance on the Account because he terminated his lease without penalty under the Service Members Civil Relief Act months prior to

moving into the property.

64. As such, it is inaccurate and/or materially misleading to report any balance remaining due or past due on the Account.

65. NCS's refusal to request that Experian and Trans Union correct the tradelines associated with the Account was intentionally, willfully, and knowingly done as NCS clearly possessed knowledge of the lease's legal termination.

66. NCS's re-investigations were not conducted in good faith.

67. NCS's re-investigations were not conducted reasonably.

68. NCS's re-investigations were not conducted using all information reasonably available to NCS.

69. As a result of NCS's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making additional credit applications as he believed he would not be able to obtain favorable credit terms as a result of NCS's derogatory and continued reporting of the Account and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with a balance due and past due resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

70. NCS's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

71. NCS's actions in violation of 15 United States Code, Section 1681s-2(b),

constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
<u>**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**</u>
**(as to Experian and Trans Union)**

Plaintiff re-alleges paragraphs one (1) through fifty-seven (57) as if fully restated herein and further states as follows:

72. Experian and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

73. Experian and Trans Union each willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

74. Despite Plaintiff terminating the lease no later than February 2019 pursuant to the Service Members Civil Relief Act without penalty, and despite Plaintiff's repeated disputes advising Experian and Trans Union of the same, Experian and Trans Union continued to unlawfully report the Account with excessive balances and as charged off in erroneous amounts resulting in the Account being reported as a derogatory, negative, or adverse accounts.

75. More specifically, despite Plaintiff terminating the lease pursuant to the Service Members Civil Relief Act without penalty —and despite Plaintiff notifying Experian and Trans Union of the same through Plaintiff's First Dispute and Second Dispute— Experian and Trans Union continued to report the Account as charged-off or written-off with balances due and past due of $6,215 and $6,215 respectively, and failed to delete the erroneous Account.

76. Such reporting of the Account is false and evidences Experian and Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

77. Overall, Experian and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his Experian and Trans Union credit reports and credit file.

78. As a result of Experian and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making additional credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with a balance due and past due resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

79. Experian and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

80. Experian and Trans Union's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT THREE:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE
### SECTIONS 1681i(a)(1), i(a)(4), and i(a)(5)
**(as to Experian and Trans Union)**

Plaintiff re-alleges paragraphs one (1) through fifty-seven (57) as if fully restated herein and further states as follows:

81. Experian and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (3) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (4) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

82. Specifically, Experian and Trans Union willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

83. For example, rather than conduct its own, independent re-investigation regarding Plaintiff's First Dispute, Experian and Trans Union solely relied on NCS's blanket and parroted assertions that they were entitled to report the Account with derogatory and late payment information, including but not limited to the inaccurate, incomplete, and misleading reporting of the Account with an erroneous balance due and past due.

84. Experian and Trans Union did not request any documents from NCS corroborating information furnished and/or verified by NCS regarding Plaintiff and the Account in response to any of Plaintiff's disputes.

85. Experian and Trans Union's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

86. Despite receiving Plaintiff's First Dispute and Second Dispute, each of which explained that Plaintiff had terminated his lease pursuant to the Service Members Civil Relief Act, allowing Experian to determine that the Account must be corrected on Plaintiff's credit reports and credit file, Experian and Trans Union *continued* to report the Account with an erroneous balance remaining due and past due.

87. As such, Experian and Trans Union's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and Experian and Trans Union failed to subsequently correct

the inaccurate information in Plaintiff's credit reports and credit files.

88. Such reporting is false and evidences Experian and Trans Union's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

89. Experian and Trans Union's reinvestigations of Plaintiff's disputes were not conducted reasonably.

90. Experian and Trans Union's reinvestigations merely copied, parroted, and relied upon the inaccurate Account information conveyed by NCS.

91. Experian and Trans Union's reinvestigations of Plaintiff's disputes were not conducted in good faith.

92. Experian and Trans Union's reinvestigation procedures are unreasonable.

93. Experian and Trans Union's re-investigations of Plaintiff's disputes were not conducted using all information and documents reasonably available to Experian and Trans Union.

94. Experian and Trans Union's reinvestigations were *per se* deficient by reason of these failures in Experian and Trans Union's reinvestigations of Plaintiff's disputes and the Account.

95. As a result of Experian and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making additional credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage his credit score

with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account as charged off resulting in the Account being reported as a derogatory, negative, or adverse tradeline accounts.

96. Experian and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

97. Experian and Trans Union's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Defendants for maximum statutory damages for violations of the FCRA;

    b.    Actual damages in an amount to be determined at trial;

    c.    Compensatory damages in an amount to be determined at trial;

    d.    Punitive damages in an amount to be determined at trial;

    e.    An award of attorney's fees and costs; and

    f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld* _____
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
11300 4th Street North, Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*